UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHIRLEY L. SHEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-676 RM |
| | ) | |
| NATIONAL ACTION FINANCIAL SERVICES, INC. and PLATINUM RECOVERY SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On November 1, 2004, Plaintiff filed a complaint alleging that Defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. On April 21, 2005, Defendants filed a motion to bifurcate discovery or, in the alternative, to stay class certification. For the following reasons, Defendants' motion ti bifurcate discovery [Doc. No. 30] is **GRANTED**.

**I.   RELEVANT BACKGROUND**

Plaintiff filed her complaint on November 1, 2004. Pursuant to Fed. R. Civ. P. 16(b), this Court conducted a preliminary pretrial conference on February 3, 2005, for the purposes of establishing various deadlines for this case. On April 1, 2005, Plaintiff filed a motion to certify the class. Rather than filing a response to Plaintiff's motion, Defendants filed a motion to bifurcate discovery. Defendants' motion requests that this Court bifurcate discovery so that parties may conduct staged discovery regarding the merits of the case before conducting discovery on the issue of class certification. This Court may rule on Defendants' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    APPLICABLE LAW AND ANALYSIS**

Whether to bifurcate discovery is a matter left to the discretion of the trial court. Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc., 2004 WL 609326, *2 (N.D. Ill. 2004) (stating that the court has inherent power to control its docket and separate issues in the interest of expedition). The timing of class certification is governed by Fed. R. Civ. P. 23(c)(1)(A) which states that "when a person sues or is sued as a representative of a class, the court must-at an early practicable time-determine by order whether to certify the action as a class action."

In Chavez v. Ill. State Police, 251 F.3d 612, 630 (7th Cir. 2001), the court held that "in most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits, as indicated by the text of Rule 23." The court stated that this is the preferred policy because class certification does not depend on the outcome of the suit. Id. However, the court then stated:

> If "as soon as practicable" occurs after a case is already "ripe for summary judgment" then it might be proper for a judge to consider a motion for summary judgment prior to considering a motion for class certification. Where this situation occurs, if the court determines that the named plaintiffs' claims lack merit, such a decision "ordinarily, though not invariably, ... disqualifies the named plaintiffs as proper class representatives," thus resolving the issue of class certification.

Id. (citing Cowen v. Bank United, 70 F.3d 937 (7th Cir. 1995)). In 2003, an amendment changed the language in Rule 23 from "as soon as practicable" to "an early practicable time." While there has not been a Seventh Circuit case addressing the amendment, the 2003 Advisory Committee Notes state that "a party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Thus, it appears that if deciding the merits would help to determine

whether the certification is proper based upon the claims of the named representative, bifurcation may be proper.

Defendants request that this Court bifurcate discovery so that the parties may address the merits of the case before determining the class certification issue because this approach would prevent unnecessary expenses and is more efficient.  This is not the first time this issue has come before this Court.  Rather, this is the third case in the past two months in which this particular Plaintiff has attempted to file a class action based upon violations of the Fair Debt Collection Practices Act.  In the other two cases, <u>Sheets v. G.G. Services, Inc. et al.</u>, Cause No. 3:04-cv-670 AS, and <u>Sheets v. AID Associates, Inc., et al.</u>, Cause No. 3:04-cv-706 RM, this Court granted the defendants' motions to bifurcate discovery, finding that to do so was in accordance with Fed. R. Civ. P. 1 which requires the rules to be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

Plaintiff however, asserts that bifurcation of this case is not appropriate for three reasons: 1) Plaintiff has already completed her discovery on this issue of class certification and Defendant did not raise the bifurcation issue earlier in the proceedings; 2) an Illinois court has already granted class certification based upon a collection letter similar to the one in question, and 3) expensive surveys must be completed in order for Plaintiff to survive summary judgment and the discovery concerning the merits are not easily distinguishable from class certification issues.

Plaintiff asserts that unlike the previous cases, Defendants did not raise the issue of bifurcation in the early stages of this proceeding, resulting in Plaintiff conducting discovery pertaining to class certification.  In the previous cases, the defendants notified this Court at the preliminary pretrial conference that they intended to seek bifurcation of the issues.  However, in

3

the present case, this Court conducted its preliminary pretrial conference on February 3, 2005. Defendants did not file their motion to bifurcate until April 21, 2005, nearly two and a half months after the conference and right before Defendants' response to Plaintiff's motion for class certification was due.  While it is preferable that parties raise these types of discovery issues at the early stages of a case, the timing of Defendants' motion alone does not defeat it.  At this time, it is still more efficient to proceed with discovery pertaining to the merits of the case.

In further support of her objection, Plaintiff states that an Illinois district court case granted class certification based upon a collection letter similar to the one at issue in this case. While in certain circumstances the trends from other district courts in this Circuit might be persuasive, this Court has previously held that bifurcation in these cases is the appropriate way to proceed.  Absent language from the Seventh Circuit, or a compelling argument from Plaintiff on why this case is not similar to the prior two, this Court is unwilling to depart from its prior orders based upon a district case from Illinois.

Attempting to establish that the Seventh Circuit has provided guidance on this issue since this Court issued its prior opinion, Plaintiff cites to Durkin v. Equifax Check Services, Inc., No. 04-2289, 2005 WL 949092 (Apr. 18, 2005), to suggest that the Seventh Circuit "strongly counsels against bifurcating discovery in this case."  (Pl. Resp. pg. 5).  While Durkin addresses what evidence a plaintiff must produce to survive summary judgment, Durkin does not address the issue of whether bifurcation is appropriate.  The fact that Plaintiff might have to undergo expensive discovery to survive summary judgment on the merits does not demonstrate that it is inefficient to bifurcate this case.  Rather, it illustrates that the merits should be addressed first

because if Plaintiff cannot prove the merits of her case, then valuable time and resources will be exhausted in trying to resolve the class certification issue.

Upon reviewing Plaintiff's arguments against bifurcation, this Court is not convinced that this case should deviate from the course established by Plaintiff's previous two cases. Consequently, parties should be allowed to address the merits of this case before engaging in expensive and protracted class action litigation to determine whether Plaintiff's claim has any merit.

### III.  CONCLUSION

For the aforementioned reasons, Defendants' motion for bifurcation of discovery [Doc. No. 30] is **GRANTED**.  This case shall proceed on the liability issues.

**SO ORDERED.**

Dated this 9th Day of May, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
